
EXHIBIT A

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF MADISON COUNTY, MISSISSIPPI

**SANDRA STASHER**                    **PLAINTIFF**

**VS.**                         **CAUSE NO. 2005-0447-R**

**REGIS CORP. AND REGIS CORPORATION**           **DEFENDANTS**

FILED DEC 21 2005 LEE WESTBROOK CIRCUIT CLERK

### FIRST AMENDED COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff files this her Complaint against the Defendants alleging the following:

### PARTIES

1. The Plaintiff Sandra Stasher is an adult resident citizen of Hinds County, Mississippi who resides at 2080 Monaco Street, Jackson, Mississippi 39204.

2. The Defendant Regis Corp., is Plaintiff's former employer that is a corporation incorporated in Minnesota and authorized to do business in Mississippi at 1200 East County Line Road, Northpark Mall, Ridgeland, Mississippi 39157. Defendant may be served with process through its registered agent, National Registered Agents, Inc., 840 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi, 39201.

3. The Defendant Regis Corporation, is Plaintiff's former employer that is a corporation incorporated in Minnesota and authorized to do business in Mississippi at 1200 East County Line Road, Northpark Mall, Ridgeland,

Mississippi 39157. Defendant may be served with process through its registered agent, National Registered Agents, Inc., 7201 Metro Boulevard, Minneapolis, Minnesota, 55439.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties identified in this Complaint.

5. This Court has subject matter jurisdiction over the claims contained in this Complaint.

6. Venue is proper in this Court in that all of the transactions, acts and events complained of occurred in Madison County, Mississippi.

## STATEMENT OF FACTS

7. Plaintiff was employed by Regis Corp. and/or Regis Corporation (both collectively referred to herein as "Regis" of "Defendants") as a hair stylist for approximately 3 years.

8. Plaintiff worked part-time for Defendants, working her schedule with Regis around that of her full-time job as a detective for the Jackson Police Department where she had been employed for 7 years.

9. During the course of her employment, Plaintiff had several different managers and area supervisors. The position of manager served to oversee the operations of the location where Ms. Stasher worked and the area supervisor oversaw a number of locations within a specified area. At the time of her

termination from the Defendants' Northpark Mall location, her manager was Brian Robinson and her area supervisor was Patricia Deese.

10.   Plaintiff had a child while working for the Defendants in August 2002. Prior to giving birth, Plaintiff continued to work for the Defendant and had been allowed to work a schedule that did not complicate her pregnancy, nor interfere with her full-time job.

11.   Plaintiff became pregnant again in approximately November 2004.

12.   Since Plaintiff had returned from her first pregnancy in 2002, through and until approximately March 20, 2005, Ms. Stasher had worked only minimal hours, between eight and fourteen hours a week. Ms. Stasher typically worked on Saturdays and every other Sunday.

13.   On or about March 20, 2005, Ms. Stasher approached her manager, Brian Robinson, and requested a conference with him and the area supervisor who was in the store all day that day. Ms. Stasher had heard that there were issues with her schedule from other employees, but was not aware of what these issues were.

14.   Robinson informed her that he and the area supervisor, Patricia Deese, had discussed her schedule and the fact that she was pregnant and decided that because she was five months pregnant, she would not be asked to work any additional hours.

15.   Ms. Stasher was unsure of the significance of this information until on or about April 2, 2005, when she was confronted by Robinson when she arrived at work that day. He informed her that if she could not work the requisite

minimum of 24 hours, as required by an alleged new company policy, she could not continue with her employment.

16. Ms. Stasher informed Robinson of the fact that she had always been allowed to work less than 20 hours a week and that she had been able to work around both her schedule for her full-time job with the Jackson Police Department in addition to her prior pregnancy.

17. Furthermore, Robinson had just weeks prior informed her that he and Deese had decided that she would not be asked to work additional hours. Now it was being stated that she must work more than 24 hours to keep her job.

18. Because she was unable to work the additional hours, Robinson told Plaintiff that there was nothing he could do and that she was terminated. Robinson told Plaintiff this information in front of one of Plaintiff's clients who was having her hair styled by Plaintiff at the time. This person was Bridgette Booker, who also is Plaintiff's sister.

19. Ms. Stasher was not aware of the "new" company policy that required the employees to work a minimum of 24 hours. It had not been given to the employees as a supplement to their employee handbook, nor had it been placed on the bulletin board with pertinent work information, nor had it been verbally communicated to the employees at any time.

20. Plaintiff was also aware of another employee, April Shelby, who worked less than 24 hours both before Plaintiff was terminated as well as after Plaintiff was terminated. Ms. Shelby did not lose her job for her failure to meet the 24 hour minimum work week requirement that was alleged to exist.

21. After Plaintiff's termination, there were new employees hired who also were allowed to continue working with Regis despite working less than 24 hours a week.

22. Plaintiff was actually terminated from her employment with Regis because she was pregnant.

## CAUSES OF ACTION

### COUNT I

### PREGNANCY/SEX DISCRIMINATION

23. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 22 above as though specifically set forth herein and alleges that:

24. Defendants' actions constitute intentional discrimination on the basis of sex and pregnancy in violation of the PDA and Title VII.

25. As a direct and proximate result of Defendants' unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff has also been denied opportunities for career advancement. Defendants' discriminatory practices, insults, contempt and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety and emotional distress.

26. The unlawful actions of the Defendants complained of above were intentional, malicious and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 26 above as if fully incorporated herein.

28. The effect of these actions on Plaintiff was reasonably foreseeable.

29. Plaintiff has suffered injury as a result of the Defendants' actions.

## COUNT III

### PUNITIVE DAMAGES

30. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as if fully incorporated herein.

31. The acts and omissions of Defendants described herein were willful, deliberate, and done with callous disregard for the rights of, sensibilities of, and likelihood of harm to Plaintiff.

32. Plaintiff is entitled to punitive damages as a result of Defendants' intentional acts in violation of Plaintiff's federally and state protected rights. Alternatively, Plaintiff is entitled to damages because Defendants' unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiff's rights.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

2. Compensatory damages against Defendants in an amount to be determined by the jury;

3. Punitive damages against Defendants in an amount to be determined by the jury;

4. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to the PDA and Title VII; and

5. Such further relief as is deemed just and proper.

THIS the 21st day of December, 2005.

                Respectfully submitted,

                SANDRA STASHER

                By _____
                Louis H. Watson, Jr. (MB# 9053)
                Kristy L. Bennett (MB#99525)
                Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
520 East Capitol Street
Jackson, Mississippi 39201
(601) 968-0000 Telephone
(601) 968-0010 Facsimile